JULIA SMITH GIBBONS, Circuit Judge,
concurring in the judgment.
I join the result of the lead opinion in this case with confidence but decline to *602 join its reasoning in full. The determinative principle in this matter is that the district court was not free to revisit the issue of whether Keith’s petition was a second or successive one. I agree with the lead opinion that our 2009 opinion impliedly resolved this issue. I also note that Keith had every opportunity to press this court for an explicit statement on this point. He could have asked this court to remand to the district court because the petition was not second or successive. He could have challenged the district court’s determination that the petition was second or successive in his revised petition or brief to this court. He could have moved for rehearing in this court after receiving the 2009 opinion. He did none of those things. Instead, he sought to have the district court change its mind on an issue that had already been resolved by this court in exercising its jurisdiction under 28 U.S.C. § 2244(b)(3). I do not join the portion of the opinion dealing with the timeliness of the motion under Rule 59(e). While I agree with it as a general matter, it could be read to imply that a timely Rule 59(e) motion was indeed available to Keith. That may or may not be the case. The order of transfer arguably divested the district court of jurisdiction to decide such a motion. Because we need not resolve that issue to decide the case, I would leave it for another day.